Robert WILLIAMS, Plaintiff,

v.

Major Charles STRICKLAND, Individually, and in his Official Capacity as Administrator of the Salvation Army Adult Rehabilitation Center, San Francisco Chapter, Defendants.

No. C–91–3949–CAL.

United States District Court, N.D. California.

Nov. 10, 1993.

David Cain, San Francisco, CA, for plaintiff.

Jean G. Gaskill, Theresa A. Maginn, Rebecca D. Eisen, Brendan Dolan, Brobeck

*Phleger & Harrison*, San Francisco, CA, for defendants.

## OPINION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

LEGGE, District Judge.

### I.

This action is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Plaintiff alleges that he was an "employee" within the meaning of the FLSA during his tenure with the defendant Salvation Army, and that defendant did not pay him the minimum wage mandated by the FLSA. Defendant contends that plaintiff was not an "employee" of defendant under the FLSA, but was a beneficiary of its rehabilitation services.

Defendant and plaintiff cross-moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motions were briefed, argued and submitted for decision.[1] The court has reviewed the moving and opposing papers, the record and the applicable authorities. For the reasons set forth below, the court concludes that there are no genuine issues of material fact, and defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

### II.

Plaintiff was admitted to the defendant Salvation Army's San Francisco Adult Rehabilitation Center for approximately six months in 1989 and 1990. The Salvation Army is an international nonprofit religious and charitable organization which operates 119 Adult Rehabilitation Centers in the United States. The centers are established to provide opportunities for rehabilitation to individuals through counselling, substance abuse education, religious services, and work therapy. The program is voluntary. Admittees to the program become temporary residents of a center and are clothed, fed, and sheltered for a period not usually exceeding 180 days. Persons in the program are called "beneficiaries."

Beneficiaries receive, in addition to clothes, food, shelter and rehabilitation services, weekly payments for their work starting at $7 and increasing to no more than $20. The work therapy program is intended to improve the beneficiaries' work habits, develop skills, and build confidence and self-esteem. The work therapy includes sorting donated food, and restoring and sorting donated merchandise. The donated food is used to feed the hungry, including those staying at the Center. The merchandise is donated to the needy or sold by defendant at one of its thrift stores. The money derived from the sales is used to support the rehabilitation Centers and the Salvation Army's other charitable programs. The objective of defendant's activities is to provide rehabilitation benefits to persons such as plaintiff, not to earn a profit for defendant.

When plaintiff entered the Center, he volunteered to participate in work therapy, counseling, and religious services. Plaintiff's work included refinishing furniture, working on the loading dock at the Center, and sorting donated food and clothing. The furniture and clothing were then placed in the Salvation Army's thrift stores for sale to the public.

When he was enrolled in the rehabilitation program and was admitted to the Center, plaintiff filled out and signed a Beneficiary Application for Admission. In this form an applicant states who referred him to the Center, for what problems he seeks help, what type of work he prefers, and other matters. On his application plaintiff stated that he was seeking help for "drinking, religious, and employment" problems. Plaintiff also signed a Consent of Treatment, which is a consent to treatment and to sobriety checking. Plaintiff also signed a Beneficiary's Admittance Statement, which stated that those admitted to the program understand that they are "a beneficiary and not an employee of this Center". The nature of the rehabili-

---

1. Defendant has objected to certain evidence offered by plaintiff in the cross-motions. Because this court concludes that plaintiff's offered evidence does not create a genuine issue of material fact, it is not necessary for this court to rule on defendant's request.

tation program and the work therapy were explained to plaintiff by the intake counselor. Plaintiff was ultimately discharged from the Center because he resumed drinking.

### III.

This is a case of first impression on the issue of whether a rehabilitation beneficiary, who does work for a charitable organization such as the Salvation Army while a resident of its facility, is entitled to minimum wage benefits under the FLSA. More precisely, the issue is whether a rehabilitation beneficiary such as plaintiff is an "employee" under the FLSA.[2]

### A.

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). "Employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee...." *Id.* § 203(d). "Employ" means "to suffer or permit to work." *Id.* § 203(g). The Act requires that minimum wages be paid to an employee who "is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." *Id.* at § 206(a). However, those general statutory provisions do not answer the question raised here.

### B.

The Department of Labor (DOL) has not issued any regulations under the FLSA that govern this issue. In 1990 the Salvation Army brought a suit in federal court against the Secretary of Labor to request a declaratory judgment as to whether beneficiaries are employees. *Salvation Army v. Cole,* Civil Action No. 90–1273–A, U.S. District Court, E.D.Va., Alexandria Division. The case was dismissed on procedural grounds,

on the DOL's motion. Counsel for the DOL stated in a letter to the attorneys for the Salvation Army that the DOL intended to study the issue of applying the FLSA to nonprofit institutions such as the Salvation Army. But the record does not indicate whether the DOL did study the issue or what its conclusions were. In any event, no applicable regulations have been issued.

### C.

As stated, this is an issue of first impression. But this court looks to other FLSA cases in order to define the appropriate legal standards for resolution of the issue.

In *Walling v. Portland Terminal Co.,* 330 U.S. 148, 67 S.Ct. 639, 91 L.Ed. 809 (1947), the United States Supreme Court held that trainees were not employees, because there was no "immediate advantage" to the defendant from any work done by the trainees and their employment did not "contemplate ... compensation" under the FLSA. The Court stated that the definition of "employ" under the FLSA was "not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on the premises of another." *Id.* at 152, 67 S.Ct. at 641. *Accord, Donovan v. American Airlines,* 686 F.2d 267 (5th Cir.1982).

Since *Walling* the Supreme Court has stated that the test for employment under the FLSA is one of economic reality. *Tony & Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, 301, 105 S.Ct. 1953, 1961, 85 L.Ed.2d 278 (1985). *Alamo* involved an allegedly nonprofit foundation which derived its income from the operation of several commercial businesses, including clothing and grocery outlets, service stations, construction companies, hog farms and a motel. The businesses were staffed by the foundation's "associates," who were drug addicts,

---

**2.** Plaintiff has requested additional discovery under F.R.C.P. 56(f). However, the subject of plaintiff's requested discovery is whether defendant is engaged in commerce and plaintiff's work was a part of that activity. Even if plaintiff were to produce additional evidence on that subject, the court concludes that it would not alter this court's decision, for the reasons stated in this

opinion, that plaintiff does not have the status of an employee under the FLSA. Further, plaintiff was aware for three months that these cross-motions for summary judgment were scheduled to be heard, and little discovery was conducted by plaintiff. Plaintiff's request is therefore denied.

derelicts or criminals. The workers received no salaries, but were provided with food, clothing, shelter, and other in-kind benefits. The Supreme Court held that the associates were employees under the FLSA, and stated that the test for employment under the Act is "economic reality." *Id.* at 301, 105 S.Ct. at 1961. The factors which the Court considered included the expectations of the associates in receiving benefits in exchange for their services, the length of time that the associates were dependent on the foundation, and the truly commercial nature of the foundation's many business enterprises.

The Ninth Circuit has addressed the issue of who is an employee under the FLSA and the application of the economic reality test. In *Bonnette v. California Health and Welfare Agency,* 704 F.2d 1465 (9th Cir.1983), the court stated that courts are to consider the "totality of the circumstances" of the relationship, including whether the alleged employer (1) has the power to hire and fire the employees, (2) supervises and controls employee work schedules or conditions of employment, (3) determines the rate and method of payment, and (4) maintains employment records. *Id.* at 1470. However, the court also stated that while these factors "provide a useful framework for analysis . . . they are not etched in stone and will not be blindly applied." *Id.* at 1470.

Later in *Hale v. Arizona,* 993 F.2d 1387 (9th Cir.1993), the Ninth Circuit held that inmates who work in prison programs are not employees under the FLSA. The *Hale* court stated that the *Bonnette* factors were not useful in that case, because the prisoners are required to work. *Id.* at 1394. The court also noted that the prisoners, as are the beneficiaries here, are provided with clothing, shelter, and food. The court held that the totality of the circumstances did not indicate an employer-employee relationship contemplated by the FLSA. The court reasoned that the economic reality of the relationship in that case lay "in the relationship between prison and prisoner. It is penological not pecuniary." *Id.* at 1395.

An analogous case from another circuit is *Marshall v. Regis Education Corp.,* 666 F.2d 1324 (10th Cir.1981). That court held that student residence-hall assistants were not employees under the FLSA. The essential relationship between the college and their assistants was one of college and student, and not employer and employee. The court also noted that the assistants did not displace salaried employees, and the fact that economic value resulted from their work was not enough to establish an employment relationship under the FLSA.

## IV.

The tests of economic realty and totality of the circumstances must now be applied to the relationship between plaintiff and defendant presented by these motions.

### A.

The Salvation Army argues that under the *Walling* analysis plaintiff was not an employee because there was not an express or implied agreement for monetary compensation; rather, the purpose of plaintiff's work was to rehabilitate him and help cure his drinking problem. Plaintiff argues that there was both an express and implied agreement for compensation, and that plaintiff thought that his work was being done as an employee and that he would be compensated.

After examining the uncontested record on the issue of an express agreement, the court finds that there was no such agreement for compensation. To the contrary, the Beneficiary's Admittance Statement signed by plaintiff clearly states that those who enter the program are "a beneficiary and not an employee of this Center." None of the other forms filled out by plaintiff expressed that he was an employee, but instead stated that he was to be a beneficiary of defendant's rehabilitation services. Plaintiff did not fill out an employment application with the personnel department of defendant, but was enrolled and accepted through defendant's rehabilitation program.

■ The court also finds that there was *no* implied agreement for compensation as contemplated by the FLSA. Plaintiff filled out and signed the forms which were required to gain admittance to defendant's rehabilitation program. Plaintiff indicated on his Benefi-

ciary Application for Admission, Initial Intake Interview form, and Intake Medical Report that he was in need of solving his drinking problem. Plaintiff's later statement in his declaration and deposition of a different unilateral state of mind, which was not expressed to anyone at the time of his admittance, is not sufficient to create a genuine issue of fact in the face of that record.

The employment element of the rehabilitation program was work-therapy. The employment provided at the center was to help those in the program overcome their addictions and become productive. As stated in *Walling*, the FLSA does not include as an employee a person "whose work serves only his own interest" while working for "another person who gives him aid and instruction." 330 U.S. at 152, 67 S.Ct. at 641.

### B.

Plaintiff also argues that he was an employee under the FLSA because his work meets the tests of *Bonnette* and *Alamo*. The Salvation Army contends that the relationship in this case is more analogous to *Hale* and *Marshall*.

■ The cases which have addressed the issue of who is an employee under the FLSA are necessarily fact-specific. The guiding principles derived from those cases are the contemplation of the parties, the economic realities, the totality of the circumstances, and the basic relationship between the parties. The documents filled in and signed by plaintiff here clearly stated that he was a beneficiary of defendant's rehabilitation services; defendant was not a commercial beneficiary of plaintiff's services.

In *Alamo* the associates of the foundation worked in several truly commercial enterprises. The foundation's businesses were engaged in ordinary commercial activities in competition with other commercial businesses. *Alamo*, 471 U.S. at 293–94, 105 S.Ct. at

1957. And the basic relationship between the foundation and its associates was for the associates to provide the labor which resulted in revenue for the foundation.[3]

Several of the *Bonnette* factors do superficially apply to the relationship between plaintiff and the Salvation Army. Those factors were announced in the context of the court resolving who was the *employer* of a certain group of workers. But the factors were discussed in resolving the *employee* issue in *Hale*. Even the *Bonnette* court said that its factors "are not etched in stone and will not be blindly applied." *Bonnette*, 704 F.2d at 1470. Economic reality is still the touchstone. *Id.* at 1469. And in *Hale* the court stated that the *Bonnette* factors were not useful when analyzing a prison-structured work program. As in *Hale*, the totality of the circumstances are considered in light of the basic relationship between the worker and the entity. The circumstances in *Hale* did "not bespeak an employer-employee relationship as contemplated by the FLSA." *Hale*, 993 F.2d at 1395. Here plaintiff's primary relationship with the Salvation Army was rehabilitative. And as stated in *Hale*, the primary concern of the FLSA is substandard living conditions, *id.* 1396; that concern is not present where beneficiaries such as plaintiff are provided with food, clothing and shelter.

### C.

■ The issue here is primarily one of law. *Bonnette*, 704 F.2d at 1469. The court finds and concludes, with no genuine issue of material fact, that plaintiff was not an employee of defendant under the FLSA. In view of the economic realities and the totality of the circumstances, the basic relationship between the Salvation Army and plaintiff was not one of employment but was one of rehabilitation. The work element of the rehabilitation program was to give the beneficiaries a sense of worth, responsibility and accom-

---

**3.** Other distinctions between *Alamo* and the present case are also apparent. In this case, the rehabilitation beneficiaries work for the Salvation Army for only a short period—generally no longer than six months—and they do not do the work of, or otherwise displace, defendant's regular employees. The benefit which the Salvation Army receives from the work of the beneficiaries is a small fraction of the cost of operating its programs. Its programs are charitable, such as shelters and kitchens, and not the business operations as in *Alamo*. And plaintiff was discharged from the program for drinking, not because he was an unsatisfactory worker.

plishment, and was not used as a source of cheap labor for defendant.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.